UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRE8TIVE TECHNOLOGY AND DESIGN,<br><br>                      Plaintiff,<br><br>v.<br><br>MARY ARNHART,<br><br>                      Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 19cv1814-AJG-AHG<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>[ECF No. 48] |

By joint motion, the parties request that the Court amend the schedule in this case, which was set in the original scheduling order (ECF No. 24) and amended twice since then (ECF Nos. 42, 47). The parties explain that they held off on completing some discovery in an effort to save costs before participating in a mediation session with the Honorable Leo Papas. ECF No. 48 at 2. Though the parties mediated for fourteen hours on November 4, 2020, they were unable to resolve the dispute. *Id.* However, because the parties continue to work towards settling the case, and because Defendant is expected to undergo surgery requiring a lengthy recovery, the parties seek to continue the deadlines in this case. *Id.*

///

Parties seeking to continue dates in a case must demonstrate good cause. *See* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); Fed. R. Civ. P 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P 16(b)(4) ("[a] schedule may be modified only for good cause and with the judge's consent"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In this case, the parties contend that good cause exists because they have pursued discovery diligently thus far and they anticipate continuing to work towards settlement over the next week. ECF No. 48 at 2-3. Additionally, they seek to accommodate Defendant's scheduled surgery. *Id.*

Upon due consideration, the Court finds that the parties have sufficiently established good cause to **GRANT** the joint motion and **AMEND** the schedule as follows:

1. The parties must disclose the identity of rebuttal experts must be on or before **December 28, 2020**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

2. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by **December 28, 2020**.

3. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated**

**matters in evidence.**

4. All fact discovery must be completed by all parties on or before **January 29, 2021**. All expert discovery must be completed by all parties on or before **January 29, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

5. A Mandatory Settlement Conference will be conducted on **March 25, 2021** at **2:00 p.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **March 4, 2021**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties

should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person or by phone no later than **March 11, 2021**.  Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **March 15, 2021**.  The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **March 15, 2021**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

6. All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **February 26, 2021**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

7. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **April 15, 2021**.

8. This order replaces the requirements under Civ. L. R. 16.1.f.6.c.  No Memoranda of Law or Contentions of Fact are to be filed.

9. The parties must meet and confer on or before **April 22, 2021** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

10. Objections to Pre-trial disclosures must be filed no later than **April 29, 2021**.

11. The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **May 6, 2021**.

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **May 13, 2021** at **1:30pm**.

13. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

16. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum will exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: November 10, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge